JOHN B. HOUSE, *as Trustee*, v. L. F. STEWART *et al.*
No. 13,892.     (80 Pac. 1134.)

Error from Sumner district court; DAVID M. DALE, judge.     Opinion filed April 8, 1905.     Affirmed.

*Adams & Adams*, and *Stanley, Vermillion & Evans*, for plaintiff in error.
*Kos Harris*, and *V. Harris*, for defendants in error.

*Per Curiam:* It is insisted by the plaintiff in error that certain special findings are not supported by the evidence, are against the undisputed evidence, and are inconsistent with each other.     The facts involved were many, intricate, and hard to settle.     Much evidence was submitted in their elucidation.     A very wide latitude must necessarily be given the jury in their determination.     As to one or two of the special findings, it may be said that very little, if any, evidence seems to support them. They are, however, subordinate and not necessarily involved in the general verdict.

A consideration of the entire evidence leads us to the conclusion that the essential findings of the jury were warranted by the evidence, and that the general verdict is well sustained thereby; and having received the approval of the trial court neither will be disturbed by us.     Nor do we find any fatal variance in the special findings.

The judgment is affirmed.

---

J. L. FILSON v. E. HELIKER, *as Trustee, et al.*
No. 14,048.     (80 Pac. 1133.)

Error from Lane district court; CHARLES E. LOBDELL, judge.     Opinion filed April 8, 1905.     Affirmed.

*S. I. Hale*, and *G. R. McKee*, for plaintiff in error.
*W. H. Russell*, for defendants in error.

*Per Curiam:* There is nothing in the record to indicate what answers to his questions were anticipated by plaintiff in error, but, whether they would have been favorable or adverse to him, the evidence was irrelevant under the pleadings as they then stood.     It could not become admissible without framing a new issue.     If a new issue had been framed it must have included the fact that the mortgagee knew of the assumption of his mortgage by the grantee in the deed, and adopted the contract of assumption at a time sufficiently remote to allow the statute of limitations to run.     Without an offer to show these things no request to amend could have been granted.

The judgment of the district court is affirmed.